UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/09
```

-------------------------------------------------- X

IN RE SOUTH AFRICAN APARTHEID
LITIGATION

MEMORANDUM OPINION
& ORDER

02 MDL 1499 (SAS)

-------------------------------------------------- X

**This Document Relates to:**

-------------------------------------------------- X

KHULUMANI, *et al.*,

        Plaintiffs,

    - against -

        **03 Civ. 4524 (SAS)**

BARCLAYS NATIONAL BANK LTD., *et al.*,

        Defendants.

-------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

By opinion and order dated April 8, 2009 ("April Order"), defendants'

consolidated motion to dismiss plaintiffs' Amended Complaint was granted in part

and denied in part.[1]  Plaintiffs' claims against one of the defendants, Union Bank

--------------------

[1]    *See In re South African Apartheid Litig.*, 617 F. Supp. 2d 228
(S.D.N.Y. 2009).

1

of Switzerland A.G. ("UBS"), were dismissed with prejudice.[2]  UBS now moves

for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure.  Plaintiffs do not oppose the motion.  For the reasons that follow, the

motion is granted.

The Court must first ascertain whether it has jurisdiction to rule on

UBS's motion.  Following this Court's April Order, certain defendants ("appealing

defendants" or "remaining defendants"), not including UBS, filed an appeal and

petition for writ of mandamus with the Second Circuit.  Though the denial of a

motion to dismiss is ordinarily not a final appealable decision,[3] on September 10,

2009, the Second Circuit stayed this Court's proceedings pending the appeal.  The

appellate stay, however, does not deprive this Court of jurisdiction to entertain

UBS's Rule 54(b) motion.  At the time the appealing defendants applied for the

stay, and at the time the stay was entered, UBS was effectively no longer a party to

any proceeding in this Court, having had all claims against it dismissed with

prejudice.  Thus, there are no substantive proceedings to be stayed in this Court

---

[2]     *See id.* at 269-70, 296.

[3]     *See Wabtec Corp. v. Faiveley Transport Malmo AB*, 525 F.3d 135,
137-38 (2d Cir. 2008) (Walker, Cabranes, Raggi, JJ.) ("'[The] denial of a motion to
dismiss, even when the motion is based upon jurisdictional grounds, is not
immediately reviewable.'" (quoting *Catlin v. United States*, 324 U.S. 229, 236
(1945))).

that concern UBS.  Entry of a Rule 54(b) judgment in these circumstances,

moreover, does not offend the policy of maintaining the status quo that underlies

appellate stays.[4]  UBS is not a party to the pending appeal, and no issue currently

before the Second Circuit would be affected by the entry of a Rule 54(b) judgment.

Entry of a Rule 54(b) judgment may even enhance the appellate process inasmuch

as it would afford plaintiffs the opportunity to appeal from the dismissal of their

claims against UBS.

Under Rule 54(b), "a district court may certify a final judgment

where: (1) there are multiple claims or parties; (2) at least one claim or the rights

and liabilities of at least one party has been determined; and (3) there is an express

determination that there is no just reason for delay."[5]  A partial judgment should

not be entered without careful consideration of the strong federal policy against

piecemeal appeals.  The power to make a Rule 54(b) certification "should be used

only in the infrequent harsh case where there exists some danger of hardship or

---

[4]      *See Nken v. Holder*, — U.S. —, 129 S. Ct. 1749, 1758 (2009) ("A stay
simply suspend[s] judicial alteration of the status quo . . . ." (alteration in original;
quotation marks omitted)).

[5]      *Transportation Workers Union, Local 100 v. N.Y. City Transit Auth.*,
505 F.3d 226, 230 (2d Cir. 2007).

injustice through delay which would be alleviated by immediate appeal."[6] The power is to "be exercised sparingly."[7]

Not only are there multiple claims and multiple parties here, this action is consolidated with other actions.[8] As noted, all claims against UBS were dismissed with prejudice without opportunity to amend pursuant to the April Order. Therefore, the claims against UBS were finally determined.

The Court expressly finds that there is no just reason for delay. *First*, the claims against UBS are separable from the claims against the remaining defendants and could be decided independently from the other claims.[9] They are based on distinct allegations that do not relate to the conduct of the remaining defendants and could be severed from the remaining allegations. *Second*, because all claims against UBS were dismissed with prejudice, there is no reason that UBS should remain part of this protracted — and now stayed — litigation. *Third*, the

---

[6] *Grand River Enter. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted).

[7] *O'Bert ex. rel. O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003).

[8] *See In re South African Apartheid Litig.*, 617 F. Supp. 2d at 240-45.

[9] *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992) ("When the claims are 'separable' or 'extricable' from each other, there is generally no reason to disturb the district court's exercise of its discretion [under Rule 54(b)].").

4

remaining defendants are seeking appellate review from the denial of their motion to dismiss. Should plaintiffs choose to appeal from the April Order, the opportunity to have their appeal heard roughly simultaneously with the pending appeal would serve the interest of sound judicial administration by helping to avoid piecemeal appeals.

**CONCLUSION**

UBS's motion for Rule 54(b) certification is granted. The Clerk of the Court is directed to enter a final judgment dismissing the claims against UBS.

SO ORDERED.

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
              October 19, 2009

5

## - Appearances -

**For Plaintiffs:**

Michael D. Hausfeld, Esq.
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 579-1089

Steig D. Olson, Esq.
Hausfeld LLP
11 Broadway, Suite 615
New York, New York 10004
(646) 278-0877

**For Defendant UBS:**

Francis P. Barron, Esq.
Ronald S. Rolfe, Esq.
David Greenwald, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

**For Defendant International Business Machines Corp.:**

Keith R. Hummel, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

**For Defendant General Motors Corp.:**

Jayant W. Tambe, Esq.
Robert S. Walker, Esq.
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939

**For Defendant Barclays Bank PLC:**

Marc J. Gottridge, Esq.
Lovells LLP
590 Maidson Avenue
New York, New York 10022
(212) 909-0600

**For Defendant Fujitsu Limited:**

Mark D. McPherson, Esq.
Michael Gerard, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

**For Defendant Ford Motor Company:**

John H. Beisner, Esq.
O'Melveny & Myers LLP
1625 I Street, NW
Washington, DC 20006
(202) 383-5300

**For Defendant Daimler A.G.:**

Jerome S. Hirsch, Esq.
Susan L. Saltzstein, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036
(212) 735-3000