# NAGEL RICE, LLP
COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
BARRY M. PACKIN
DIANE E. SAMMONS°
LORI I. MAYER°
RANDEE M. MATLOFF
ANDREW L. O'CONNOR

HARRY A. MARGOLIS
(1928-2002)

119 MAPLE AVENUE
RED BANK, NJ 07701
(732) 933-0900

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
www.nagelrice.com

**PLEASE REPLY TO**
ROSELAND OFFICE

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

OF COUNSEL
CARLETON R. KEMPH°
HARRY J. CARR◊

GREG M. KOHN°
ANDREW I. PEPPER
ALEX J. BUCKLEY□

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
°MEMBER OF NJ & NY BARS
◊MEMBER OF NJ & DC BARS
□MEMBER OF NJ & MD BARS

November 26, 2013

**Via ECF & Facsimile**
(212) 805-7920

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In re South African Apartheid Litig.*
             Case No. 02-md-1499 (SAS)

Dear Judge Scheindlin:

      This letter is submitted by the *Balintulo* and *Ntsebeza* plaintiffs in response to the letters filed by the defendants concerning the way forward in these actions in light of the denial of Plaintiffs' Petition for Rehearing En Banc. The plaintiffs bring their actions against defendants Ford, IBM, Daimler, and Rheinmetall under the Alien Tort Statute ("ATS"), 28 U.S.C. §1350.

      The plaintiffs request the opportunity to submit briefs on the potentially dispositive issues before this Court renders a decision. Plaintiffs are amenable to any form of briefing the Court deems most useful. Plaintiffs believe briefing on this matter is required for several reasons.

      First, briefing on the corporate liability matter is appropriate. Defendants assert that these cases should not proceed based on the prior Second Circuit decision on corporate liability. *See* Def. Ltr., Aug. 28, 2013. Plaintiffs contend, however, that the Supreme Court's decision supersedes the prior Second Circuit decision on corporate liability. *See Kiobel* v. *Royal Dutch Petroleum Co.*, 621 F.3d 111, 149 (2d Cir. 2010). If corporate liability was an issue of subject matter jurisdiction, the Supreme Court would have had to answer that predicate issue before addressing extraterritoriality. By addressing the latter issue without explicitly addressing corporate liability, the Court implicitly overruled the Second Circuit's decision that there is no corporate liability under the ATS. Thus, this Court has the power to decide that issue in the first instance. Moreover, in *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, a Second Circuit panel recently remanded the issue of corporate liability under the ATS to a district court

notwithstanding the Second Circuit's prior ruling in *Kiobel* for this reason. 732 F.3d 161, 174 (2013). This Court should decide the corporate liability issue in the first instance for the same reasons.

Second, the Second Circuit's recent decision was based on the allegations in the operative pleadings, which were prepared when the extraterritorial application of the ATS had not been questioned. The Supreme Court has since decided that some form of the presumption against extraterritoriality applies to the ATS but that it may be overcome by claims which "touch and concern" the United States with "sufficient force". 133 S. Ct. 1659, 1669 (2013). Should the Court find that corporations may be liable under the ATS but that as pleaded, Plaintiffs' complaints would be barred by the Supreme Court's *Kiobel* decision, Plaintiffs would like the opportunity to consider repleading their claims to meet this new standard. Evidence may show for example that there is additional conduct in the United States by the Defendants that would suffice to overcome the *Kiobel* presumption. *See Balintulo v. Daimler AG*, 727 F.3d 174, 192 fn.28 (discussing an additional form of liability—derivative liability—that may arise from particular fact patterns).

Third, the Second Circuit's recent decision in this case, made in the context of a petition for a writ of mandamus, is not a holding. While it is clear that the Second Circuit panel was intent on having this Court follow its dicta that *Kiobel* establishes a bright line rule against extraterritorial ATS cases, this dicta is not a holding binding on this Court. Plaintiffs seek the opportunity to demonstrate that the panel decision is erroneous as applied in these cases, especially in light of any additional facts not considered by the appellate court if an amended complaint is filed.

Fourth, in its prior ruling on the Motion to Dismiss, this Court found that Plaintiffs had adequately pleaded mens rea for aiding and abetting. *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 259-63 (S.D. N.Y. 2009). *Presbyterian Church of Sudan v Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2010) was subsequently decided to firmly establish a purpose standard in the circuit. Briefing on whether the operative complaints satisfy this standard is appropriate. Should the court determine that Plaintiffs have not adequately pleaded facts to meet the *Talisman* pleading burden, plaintiffs would seek leave to amend their complaints to address the requirements relating to aiding and abetting liability. The complaints in these actions were drafted before *Talisman* was decided and should be amended so that all of the remaining issues under the ATS can be briefed and resolved at one time. This is true even if this Court dismisses the action. All of these issues should be ripe for consideration on appeal.

For the above reasons, Plaintiffs request that the court establish a schedule for filing an amended complaint and further briefing on these issues.

                                            Respectfully submitted,

                                            NAGEL RICE, LLP

                                            */s/ Diane E. Sammons*
                                            Diane E. Sammons

DES:jb
CC: All Counsel of Record