SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 14, 2013

**VIA HAND DELIVERY**
Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

RE:  *In re South African Apartheid Litig.*, Case No. 02-md-1499 (SAS): Request for Dismissal of Claims against Rheinmetall AG

Dear Judge Scheindlin:

    We represent Rheinmetall AG ("Rheinmetall") in the above-referenced action. We submit this letter on behalf of Rheinmetall in connection with the November 7, 2013 Order of the U.S. Court of Appeals for the Second Circuit denying the plaintiffs' petition for rehearing and rehearing en banc. In light of that Order, as well as this Court's statements at the September 24, 2013 pre-motion conference, Rheinmetall respectfully requests that the claims against it in this action be dismissed. In support of this request, and without waiving its claim of lack of personal jurisdiction, Rheinmetall joins in the arguments set forth in the letters submitted on November 13, 2013 by Cravath, Swaine & Moore LLP on behalf of IBM and Ford Motor Company, and Arnold & Porter LLP on behalf of Daimler AG.

    Like Daimler AG, Rheinmetall is a foreign corporation that has been sued by the plaintiffs over alleged conduct that occurred entirely abroad. Therefore, based on the United States Supreme Court's decision in *Kiobel v. Royal Dutch Petroleum Co.* and the Second Circuit's decision in *Balintulo v. Daimler AG*, the claims against Rheinmetall should be dismissed. *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1669 (2013); *see also Balintulo v. Daimler AG*, 727 F.3d 174, 194 (2d Cir. 2013) ("the defendants [in this case] can obtain the dismissal of all claims now that the Supreme Court in *Kiobel* has made clear that federal courts may not, under the

Honorable Shira A. Scheindlin
November 14, 2013
Page 2

ATS, recognize common-law causes of action for conduct occurring in another country."); H'rg Tr. 16 ("[T]he Circuit has already dictated the opinion on extraterritoriality and corporate liability."). In addition, under the law of the Second Circuit, a corporation cannot be liable under the ATS. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 149 (2d Cir. 2010) (corporate liability cannot form the basis of a lawsuit under the ATS).

If the Court believes that a second pre-motion conference or formal briefing is required in order to dismiss Rheinmetall from this action, Rheinmetall is available for such a conference and will submit such briefing as directed by a briefing schedule of the Court.

Respectfully,

Robert E. Zimet

cc (by Electronic Mail):

Michael D. Hausfeld, Esq.
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006

Paul L. Hoffman, Esq.
Schonbrun DeSimone Seplow Harris & Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291

Jay Jacob Rice, Esq.
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

Judith Brown Chomsky, Esq.
Law Office of Judith Brown Chomsky
P.O. Box 29726
Elkins Park, PA 19027

Honorable Shira A. Scheindlin
November 14, 2013
Page 3

        Tyler Giannini, Esq.
        International Human Rights Clinic
        Harvard Law School
        Pound Hall Room 401
        1563 Massachusetts Avenue
        Cambridge, MA 02138

        Michael F. Osborne, Esq.
        56 Keerom Street
        Cape Town 08001
        S. Africa
        558-7221

        Linda P. Nussbaum, Esq.
        Kaplan Fox & Kilsheimer LLP (NYC)
        850 Third Avenue
        14th Floor
        New York, NY 10022

        Carroll H. Ingram, Esq.
        Ingram & Associates
        P.O. Box 15039
        Hattiesburg, MS 39404-5039

        All Defense Counsel